Carlos Solorio **DIAZ,** Petitioner,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 03–70653.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 2, 2004.*

Decided Aug. 24, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Steven R. Espinoza, Carlos Solorio, Attorney at Law, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nelda C. Reyna, Esq., Daniel E. Goldman, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT, NOONAN, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Petitioner Carlos Solorio–Diaz petitions for review of the denial by the Board of Immigration Appeals ("BIA") of his motion to reopen his application for cancellation of removal based on new evidence. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We review the BIA's decision for the abuse of discretion. *Monjaraz–Munoz v. INS*, 327 F.3d 892, 895 (9th Cir.2003). We grant the petition.

■ The BIA rejected Solorio–Diaz's motion because "he merely refer[red] the Board to [physical presence] evidence that the Immigration Judge correctly found lacking." This is incorrect. Although Solorio–Diaz did refer the BIA to his previously submitted evidence, he also attached as exhibits two *new* declarations regarding his physical presence in the United States and referred to those exhibits in his motion. Due to the obvious incompetence of his counsel, this evidence was previously unavailable. Its implication is that the affiants have known Diaz to be in residence since 1985. The BIA abused its discretion in failing to consider this evidence. *See Virk v. INS*, 295 F.3d 1055, 1061 (9th Cir.2002); *Limsico v. U.S. INS*, 951 F.2d 210, 213 (9th Cir.1991).

■ Furthermore, Solorio–Diaz's motion was not numerically barred. His prior motion to reopen was fraudulently filed by a notary and set forth legal issues and alleged facts wholly unrelated to his case. In such instances of fraud, the numerical limitation is waived. *See Varela v. INS*, 204 F.3d 1237, 1240 (9th Cir.2000).

Notably, Solorio–Diaz received fraudulent or ineffective representation at every step of the process prior to this motion—in his hearing, on appeal, and in his first motion to reopen. During the initial hearing, the IJ commented repeatedly on counsel's lack of preparation and failure to introduce witnesses or supporting evidence. No longer represented by a notary illegally practicing law or by counsel appearing on the notary's behalf, Solorio–Diaz has now presented evidence, not previously available, that, although minimal, is

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sufficient to state a prima facie case for relief. *See* 8 C.F.R. § 1003.2(c)(1). The declarations of physical presence constitute new evidence because Solorio–Diaz's counsel's ineffectiveness prevented their introduction at the prior hearing. *Cf. Iturribarria v. INS*, 321 F.3d 889, 900–01 (9th Cir.2003). Furthermore, as the BIA acknowledged, Solorio–Diaz has also submitted new evidence indicating that his removal would cause "exceptional and extremely unusual hardship" to his American son, who developed asthma and pulmonary disease only after the cancellation of removal hearing.

The new evidence of residency combined with the new evidence of exceptional and extremely unusual hardship reveals a "reasonable likelihood that the statutory requirements for relief have been satisfied." *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003). Therefore, we grant Solorio–Diaz's petition for review and remand to the BIA with instructions to grant his motion to reopen.

**PETITION GRANTED; MATTER REMANDED.**

CLIFTON, Circuit Judge, dissenting.

I agree with my colleagues that the numerical limitation barring Solorio–Diaz's second motion to reopen should have been equitably tolled because he was the victim of unscrupulous conduct by a notary purporting to be an immigration specialist. I part company with the majority, though, in its holding that the BIA abused its discretion in denying that motion.

The majority incorrectly concludes that Solorio–Diaz is entitled to reopening because he has "now presented evidence, not previously available, that, although minimal, is sufficient to state a prima facie case for relief." Even if the declarations from Solorio–Diaz's sister and from a friend of his cousin qualified as new, previously un-

available evidence, which seems doubtful, they do not make a prima facie case because they do not provide evidence that Solorio–Diaz has been present in the United States for more than ten years. In each declaration the affiant merely states that Solorio–Diaz was in the United States in 1985, a fact that the government does not contest. The declarations do not make the necessary proffer that he has resided here ever since.

Furthermore, Solorio–Diaz nowhere makes the argument that the declarations were previously unavailable. Instead, the majority makes this argument for him, by reading an ineffective assistance of counsel argument into his petition and by concluding that the declarations were unavailable because the attorney who represented him at his initial hearing was ineffective. The decision should not turn on that ground, because the government has not been given the opportunity to address the issue. Solorio–Diaz may have had reason not to raise an ineffective assistance of counsel claim—perhaps because he could not satisfy the procedural requirements for such a claim established by the BIA in *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988). *See Iturribarria v. INS*, 321 F.3d 889, 900 (9th Cir.2003).

I would deny the petition because Solorio–Diaz's second motion to reopen does not make a prima facie case supporting his eligibility for cancellation of removal. *See INS v. Wang*, 450 U.S. 139, 141, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981).