**Moises AVILA–CARRASCO, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–73620.
Agency No. A75–635–243.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 2005.

Decided May 11, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Juliette Topacio Sarmiento, Berkley, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; Emily A. Radford, and Allen W. Hausman, DOJ—U.S. Department of Justice Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

## MEMORANDUM**

Moises Avila–Carrasco, a citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his removal proceedings in order to reconsider his application for cancellation of removal or, in the alternative, voluntary departure.

We lack jurisdiction to review Avila's claim that the BIA erred in finding that he had not established that removal would impose "exceptional and extremely unusual hardship" on his two children. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir.2003). Accordingly, we dismiss the petition insofar as it seeks review of that finding and the concomitant denial of cancellation of removal.

We have jurisdiction under 8 U.S.C. § 1252 over Avila's claim that the BIA abused its discretion in denying his motion to reopen because of ineffective assistance of counsel. We review the BIA's ruling on a motion to reopen for abuse of discretion. *See Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir.2004). We review the BIA's findings of fact regarding counsel's performance for substantial evidence. *See id.* at 1024.

Avila and his counsel failed to present certain testimony and evidence at his removal hearing that could have been helpful to his claim. Avila blames his former attorney for that failure and submitted an affidavit to the BIA implying that she had inadequately prepared for the removal hearing. The attorney submitted a significantly more detailed affidavit in response, describing her representation of Avila and stating that Avila himself was responsible

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

for his lack of preparation and unwillingness to provide necessary documentation. Thus, the key dispute is about whose account is accurate.

The BIA's decision addressed that question, stating that "[b]ased on our review of the record, including former counsel's affidavit, we find that the respondent has not established that the deficiencies in the record were due to the representation he received from counsel." Nor was there any error by the BIA in failing to mention Avila's own affidavit. The BIA is not required to mention every piece of evidence it considers. It simply must "indicate with specificity that it heard and considered petitioner's claims." *Maravilla Maravilla v. Ashcroft,* 381 F.3d 855, 858 (9th Cir. 2004). The BIA did that here, and accordingly we deny the petition as to the denial of the motion to reopen.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

GOODWIN, Circuit Judge (dissenting).

"[T]he BIA must indicate with specificity that it heard and considered petitioner's claims" in the ineffective assistance context. *Maravilla Maravilla v. Ashcroft,* 381 F.3d 855, 858 (9th Cir.2004) (internal quotations omitted) (quoting *Arrozal v. INS,* 159 F.3d 429, 433 (9th Cir.1998)). The denial of a motion to reopen should be remanded if the BIA has not considered the relevant factors and articulated the corresponding reasoning. *See, e.g., Virk v. INS,* 295 F.3d 1055, 1060 (9th Cir.2002) (remanding where BIA did not consider factors in petitioner's favor, and where it considered an irrelevant factor); *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1227 (9th Cir.2002) (rejecting the BIA's "cursory recitation and generalized analysis of the equities in favor of petitioners' claim").

The BIA did not discuss the conflict between Avila–Carrasco's version of his representation—in particular, the evidence-gathering process—and the recollection of his former counsel. It merely recited that Avila's former counsel was not responsible for the deficiencies, apparently relying on her self-serving "detailed affidavit" saying as much, and failed to mention that a contrary detailed declaration was submitted by Avila. Much less did the BIA's decision evaluate the content of Avila's declaration, compare its content to Dixon's, or make a credibility finding with regard to it.

Moreover, the BIA misapplied the general rule that for a motion to reopen to succeed, the new evidence presented must have been unavailable at the time of the original hearing. 8 C.F.R. § 1003.2(c). The BIA's application of this rule in an ineffective assistance of counsel claim is a category mistake because the proffered evidence described counsel's performance, not the evidence that counsel failed to present. This very confusion was rejected by this court in *Maravilla.* 381 F.3d at 858. It is impossible to discern the extent of the contamination worked by this legal error.

The BIA's disposition of Avila's ineffective assistance claim exhibits the precise features this court deemed unacceptable in *Virk:* "In addition to failing to consider the relevant positive factors, the BIA improperly considered a plainly irrelevant factor." 295 F.3d at 1060. The record shows that Avila's lawyer did little of substance to earn the $3000 she apparently collected from him, and that Avila's case was promising on the underlying merits. Under these circumstances, a remand to the BIA for a proper consideration of all the factors relevant to Avila's ineffective assistance of counsel claim is appropriate.