**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL OSCAR PERONA-AGUILAR, | No. 07-71622 |
| Petitioner, | Agency. No. A70-919-541 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 29, 2011
Pasadena, California

Before: SCHROEDER and GOULD, Circuit Judges, and SEEBORG, District
Judge.[**]

Miguel Oscar Perona-Aguilar ("Perona") seeks review of a final decision of

the Board of Immigration Appeals ("BIA") denying his motion for a remand to

permit him to apply for voluntary departure in lieu of removal.  The Government

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Richard Seeborg, United States District Judge for the
Northern District of California, sitting by designation.

characterizes the denial of remand as effectively a denial of a request for voluntary departure, and argues that we therefore lack jurisdiction to reach the issue.

The Government reasons that the fundamental question presented by Perona's motion before the BIA was whether the expiration of the statutory bar to his eligibility for voluntary departure would alter what it contends was a prior decision by the immigration judge to deny voluntary departure on discretionary grounds, regardless of the fact that Perona was statutorily ineligible for such relief at the time. Citing *Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir. 2006), the Government then argues jurisdiction does not lie to review an agency determination declining to reopen a prior decision denying relief on an unreviewable discretionary ground.

To the extent Perona's motion for remand and his contention in this petition can fairly be characterized in the manner the Government advances, it would be true that this court would lack jurisdiction to review the decision. *See* 8 U.S.C. § 1229c(f) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure . . . ."); 8 U.S.C. § 1252(a)(2)(B)(i) ("Notwithstanding any other provision of law . . . no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229c [voluntary departure] . . . of this title.").

2

The better characterization of the relief Perona sought from the BIA and seeks here, however, is *not* review of a decision denying voluntary departure, but an opportunity to make an application for voluntary departure in the first instance. No jurisdictional bar precludes this court from considering the merits of such a claim. *See Zazueta-Carrillo v. Ashcroft*, 322 F.3d 1166, 1169 (9th Cir. 2003) (similarly finding jurisdiction to consider merits of motion to reopen, notwithstanding tangential relationship to a decision regarding voluntary departure).

Contrary to Perona's insistence that he never applied for voluntary departure, the record indicates that during Perona's initial removal proceedings, the immigration judge asked if his counsel wished to "qualify" him for such relief, and that counsel thereafter elicited testimony from Perona to do so. That application at least arguably remained pending after the BIA remanded for further credibility findings. Nevertheless, there is no dispute that Perona was not statutorily eligible for voluntary removal until after his appeal to the BIA was pending. The immigration judge's assertion that she "would" deny voluntary removal on discretionary grounds therefore was no more than an advisory opinion, not an actual exercise of discretion regarding a matter presented to her for decision.

As such, it was an abuse of discretion for the BIA to focus on whether substantial evidence supported denying Perona voluntary departure on discretionary grounds. See *Virk v. INS*, 295 F.3d 1055, 1060 (9th Cir. 2002) ("[T]he BIA must consider and weigh the favorable and unfavorable factors in determining whether to deny a motion to reopen proceedings on discretionary grounds"). While the immigration judge's prior comments may have suggested what a likely outcome on remand would be, because the question had never actually been adjudicated, the appropriate course of action was to remand to permit Perona to make a complete showing as to why, in the actual exercise of an immigration judge's discretion, voluntary departure should be permitted.

Perona's opening brief further asserts that the immigration judge "improvidently" relied on his criminal record in rendering an adverse credibility finding, and that therefore no substantial evidence supports that finding. Perona, however, offers no substantive discussion of the extensive evidence unrelated to his criminal record to which the immigration judge actually referred in making her credibility finding. Instead, his argument is that because he obtained a remand on a prior occasion when a different immigration judge referred to his criminal history in connection with a credibility finding, he should have received a second remand on the same grounds. This is wholly insufficient to meet Perona's burden as

4

petitioner to demonstrate that the second immigration judge's findings were unsupported, or that the BIA's conclusion to the contrary was erroneous.

The petition for review is **GRANTED IN PART**, and the matter is remanded to the Board of Immigration Appeals with instructions that it grant petitioner's motion to remand for consideration of an application for voluntary departure.  The petition is otherwise **DENIED**.