**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLYDE J. PINTO, | No. 07-74607 |
| Petitioner, | Agency No. A070-582-939 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010[**]
San Francisco, California

Before: SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Clyde J. Pinto, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings on the basis that his prior counsel was ineffective. We previously

filed a memorandum disposition holding that the BIA did not abuse its discretion

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

in denying the motion to reopen and that Pinto's due process claims lacked merit. Pinto petitioned for rehearing and contended that the BIA erred by failing to account for the positive equities that would support a favorable exercise of discretion with respect to the motion to reopen.

We withdrew the original disposition, referred the case to the Circuit Mediation Office, and dismissed the petition as moot. Mediation was unsuccessful, and we ordered the government to respond to the contentions raised in Pinto's petition for rehearing. The government responded that the BIA's decision demonstrates it took into account the favorable equities.

We now reinstate our prior holding that the BIA acted within the scope of its authority in denying Pinto's motion on discretionary grounds, and that Pinto's due process claims are not persuasive. The BIA sufficiently considered the positive equities. *See Virk v. INS*, 295 F.3d 1055, 1060 (9th Cir. 2002). The BIA acknowledged that Pinto was married to a U.S. citizen and that he claimed ineffective assistance of counsel, but found that evidence outweighed by Pinto's presentation of a false birth certificate and incredible testimony.

In his petition for review, Pinto has raised for the first time other positive equities that now exist due to the passage of time, and that could support a favorable exercise of discretion by the government under existing executive

2

policies.  These include his support for his three U.S. citizen children, his long-time employment, his wife's potential mental illness, his lack of criminal history, as well as the prior ineffectiveness of counsel.  The petition for review of the BIA's 2007 decision, however, must be denied.

**PETITION FOR REVIEW DENIED.**

*Pinto v. Holder*, No. 07-74607

PREGERSON, Circuit Judge, dissenting:

Clyde Pinto is a fifty-year-old father of three U.S. born citizen children, ages twenty-two, twenty-one, and seven years old.  His wife is a U.S. citizen.  He has an approved I-130 visa petition based on his marriage to his present wife.  Pinto has lived in the U.S. for over twenty-three years, and worked as an accountant for various school districts in California.  He has no criminal record and does not pose a national security risk.  Pinto's wife suffers from depression and anxiety, requiring ongoing psychological treatment.  Additionally, over the course of Pinto's immigration proceedings, he received poor representation from multiple attorneys.

Although the BIA noted in its decision denying the motion to reopen that Pinto was married, the BIA erred by failing to fully consider *all* relevant factors, specifically the many positive equities stated above.  *See Ali v. Holder*, 637 F.3d 1025, 1031-32 (9th Cir. 2011) (stating that the BIA's review of a motion to reopen "must show proper consideration of all factors, both favorable and unfavorable").  In doing so, the BIA abused its discretion when it denied the motion to reopen.  Because of the BIA's abuse of discretion, I believe that Pinto should be granted the chance to reopen his case.  Accordingly, I respectfully dissent.