MEMORANDUM **
Clyde J. Pinto, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) order denying his motion to reopen removal proceedings on the basis that his prior counsel was ineffective. We previously filed a memorandum disposition holding that the BIA did not abuse its discretion in denying the motion to reopen and that Pinto’s due process claims lacked merit. Pinto petitioned for rehearing and contended that the BIA erred by failing to account for the positive equities that would support a favorable exercise of discretion with respect to the motion to reopen.
We withdrew the original disposition, referred the case to the Circuit Mediation Office, and dismissed the petition as moot. Mediation was unsuccessful, and we ordered the government to respond to the contentions raised in Pinto’s petition for rehearing. The government responded that the BIA’s decision demonstrates it took into account the favorable equities.
We now reinstate our prior holding that the BIA acted within the scope of its authority in denying Pinto’s motion on discretionary grounds, and that Pinto’s due process claims are not persuasive. The BIA sufficiently considered the positive equities. See Virk v. INS, 295 F.3d 1055, 1060 (9th Cir.2002). The BIA acknowledged that Pinto was married to a U.S. citizen and that he claimed ineffective assistance of counsel, but found that evidence outweighed by Pinto’s presentation of a false birth certificate and incredible testimony.
In his petition for review, Pinto has raised for the first time other positive equities that now exist due to the passage of time, and that could support a favorable exercise of discretion by the government under existing executive policies. These include his support for his three U.S. citizen children, his longtime employment, his wife’s potential mental illness, his lack of criminal history, as well as the prior ineffectiveness of counsel. The petition for *772 review of the BIA’s 2007 decision, however, must be denied.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.