**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NILDANE TEODORO BORGES,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 12-72682<br>No. 13-71385<br><br>Agency No. A096-565-742<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015[**]

Before: GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

In these consolidated cases, Nildane Teodoro Borges, a native and citizen of

Brazil, petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Thus, we deny Borges' request for oral argument.

Convention Against Torture ("CAT") (No. 12-72682), and for review of the BIA's order denying his motion to reopen removal proceedings (No. 13-71385). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 857 (9th Cir. 2004). We deny the petition for review in No. 12-72682. We grant the petition for review in No. 13-71385, and we remand.

We do not consider any materials Borges references in his opening and reply briefs that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir.1996) (en banc) (the court's review is limited to administrative record).

With respect to petition for review No. 12-72682, substantial evidence supports the agency's adverse credibility determination based on the return trips to Brazil for which Borges did not provide compelling reasons, and based on his fraudulent marriage to a United States citizen to obtain immigration benefits. *See Shrestha*, 590 F.3d at 1048; *see also Loho v. Mukasey*, 531 F.3d 1016, 1018-19 (9th Cir. 2008) (voluntary return trips supported adverse credibility determination);

*Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story."). Borges' explanations do not compel the opposite result. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). The record does not support Borges' contentions that the IJ did not consider the totality of the circumstances or that the agency otherwise improperly analyzed his case. Further, the agency considered Borges' corroborative evidence, and contrary to Borges' contentions, this evidence does not compel the finding that he established eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (record did not compel the finding that petitioner's corroborating evidence supported independent claim for relief). Thus, Borges' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Borges' CAT claim also fails because it is based on the same assertions the agency found not credible, and Borges does not point to any other evidence in the record that compels the finding that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Brazil. *See id.* at 1156-57; *Shrestha*, 590 F.3d at 1048-49 (background materials did not compel the conclusion that petitioner established eligibility for CAT protection). We reject Borges' contentions that the IJ improperly denied his CAT claim.

12-72682 & 13-71385

Thus, we deny the petition for review in No. 12-72682.

With respect to petition for review No.13-71385, the BIA denied Borges'
motion to reopen based solely on a finding that he failed to establish prejudice.
The BIA erred in its prejudice finding, *see Maravilla Maravilla*, 381 F.3d at 858
(in order to establish prejudice, a petitioner must only show that counsel's
ineffective assistance "may have affected the outcome of the proceedings")
(internal citation and quotation omitted), and abused its discretion in denying
Borges' motion to reopen, *see id.* at 857 (the BIA abuses its discretion when it acts
"arbitrarily, irrationally, or contrary to law") (internal citation and quotation
omitted); *see also Virk v. INS*, 295 F.3d 1055, 1060 (9th Cir. 2002) (the agency
"must take into account all relevant factors, both positive and negative, when
deciding whether to grant a [fraud waiver]").  Thus, we grant the petition for
review for review in No. 13-71385, and remand this case to the agency for further
proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-
18 (2002) (per curiam).

Each party shall bear its own costs for these petitions for review.

**NO. 12-72682: PETITION FOR REVIEW DENIED.**

**NO. 13-71385: PETITION FOR REVIEW GRANTED; REMANDED.**