**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NGOC LE TRUONG, | No.    13-72956 |
| Petitioner, | Agency No. A079-586-632 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2017
Seattle, Washington

Before:  TASHIMA and NGUYEN, Circuit Judges, and WALTER,** District
Judge.

Ngoc Le Truong, a citizen of Vietnam, petitions for review of a Board of

Immigration Appeals (BIA) decision finding her statutorily ineligible to seek a

waiver of removability under INA § 237(a)(1)(H).  8 U.S.C. § 1227(a)(1)(H).  We

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Donald E. Walter, United States District Judge for the
Western District of Louisiana, sitting by designation.

have jurisdiction under 8 U.S.C. § 1252, and we grant the petition.

Truong conceded a single removability ground before the immigration judge (IJ): INA § 237(a)(1)(A), for inadmissibility at the time of adjustment of status due to fraud. 8 U.S.C. § 1227(a)(1)(A). The BIA erred in concluding that Truong's entry to the country on a K-1 fiancée visa pretermitted her eligibility for a waiver of this removability ground under INA § 237(a)(1)(H). *Id.* § 1227(a)(1)(H). Truong meets the waiver's three statutory requirements. She has a qualifying relative—her current U.S. citizen husband, Brian Skaggs. *Id.* § 1227(a)(1)(H)(i)(I). She held an "immigrant visa or equivalent document" at the time of her adjustment of status because "fiancé(e) visa holders [are] similarly situated to immediate relatives" when applying for adjustment of status. *Id.* § 1227(a)(1)(H)(i)(II); *see Matter of Sesay*, 25 I&N Dec. 431, 439 (BIA 2011). And, on this record, she appears to have been "otherwise admissible" to the United States at the time of her adjustment of status. 8 U.S.C. § 1227(a)(1)(H)(i)(II). "[S]atisfaction of the requirements under [the statute] . . . establishes . . . [her] *eligibility* for the waiver." *INS v. Yueh-Shaio Yang*, 519 U.S. 26, 30-31 (1996) (emphasis in original).

The IJ and the BIA both concluded that Truong was ineligible for the fraud waiver because she cannot adjust status to lawful permanent residence via her marriage to Skaggs, her qualifying relative for the fraud waiver. *See* 8 U.S.C. §

2

1255(d); *Kalal v. Gonzales*, 402 F.3d 948, 951 (9th Cir. 2005). But Truong's ability to adjust status is irrelevant to her fraud waiver eligibility. INA § 237(a)(1)(H) "requires only a current familial relationship; it does not add a requirement that the alien be eligible to obtain a new immigrant visa based on that relationship." *Virk v. INS*, 295 F.3d 1055, 1058 (9th Cir. 2002). The BIA erred by "plac[ing] controlling emphasis on [Truong]'s ineligibility for an immigrant visa based on spousal preference," *id.* at 1057, and by "impos[ing] unilaterally novel substantive requirements beyond those set forth in the immigration law itself," *Federiso v. Holder*, 605 F.3d 695, 698 (9th Cir. 2010).

Therefore, Truong is statutorily eligible to apply for the fraud waiver which, if granted, would waive her sole conceded removability ground under INA § 237(a)(1)(A).

**PETITION GRANTED AND REMANDED**.