UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NGOC LE TRUONG,

          Petitioner,

  v.

JEFFERSON B. SESSIONS III, Attorney
General,

          Respondent.

No.   13-72956

Agency No. A079-586-632

ORDER

Before:  TASHIMA and NGUYEN, Circuit Judges, and WALTER,[*] District
Judge.

The memorandum disposition filed on March 30, 2018 is hereby amended
and replaced by the amended disposition filed concurrently with this order.  The
amendments to the prior disposition are at page 2, lines 6-7, and page 3, lines 10-
13.  With these amendments, all panel members have voted to deny the petition for
panel rehearing.  No further petitions for panel rehearing or rehearing en banc will
be entertained.

     **SO ORDERED.**

---

[*]     The Honorable Donald E. Walter, United States District Judge for the
Western District of Louisiana, sitting by designation.

**FILED**

JUN 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NGOC LE TRUONG,<br><br>     Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>     Respondent. | No. 13-72956<br><br>Agency No. A079-586-632<br><br>AMENDED MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2017
Seattle, Washington

Before: TASHIMA and NGUYEN, Circuit Judges, and WALTER,[***] District Judge.

Ngoc Le Truong, a citizen of Vietnam, petitions for review of a Board of

Immigration Appeals (BIA) decision finding her statutorily ineligible to seek a

waiver of removability under INA § 237(a)(1)(H).  8 U.S.C. § 1227(a)(1)(H).  We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***] The Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

have jurisdiction under 8 U.S.C. § 1252, and we grant the petition.

Truong conceded a single removability ground before the immigration judge (IJ): INA § 237(a)(1)(A), for inadmissibility at the time of adjustment of status due to fraud. 8 U.S.C. § 1227(a)(1)(A). The BIA erred in concluding that Truong's entry to the country on a K-1 fiancée visa pretermitted her eligibility for a waiver of this removability ground under INA § 237(a)(1)(H). *Id.* § 1227(a)(1)(H). On the record before us, Truong appears to meet the waiver's three statutory requirements. She has a qualifying relative—her current U.S. citizen husband, Brian Skaggs. *Id.* § 1227(a)(1)(H)(i)(I). She held an "immigrant visa or equivalent document" at the time of her adjustment of status because "fiancé(e) visa holders [are] similarly situated to immediate relatives" when applying for adjustment of status. *Id.* § 1227(a)(1)(H)(i)(II); *see Matter of Sesay*, 25 I&N Dec. 431, 439 (BIA 2011). And, on this record, she appears to have been "otherwise admissible" to the United States at the time of her adjustment of status. 8 U.S.C. § 1227(a)(1)(H)(i)(II). "[S]atisfaction of the requirements under [the statute] . . . establishes . . . [her] *eligibility* for the waiver." *INS v. Yueh-Shaio Yang*, 519 U.S. 26, 30-31 (1996) (emphasis in original).

The IJ and the BIA both concluded that Truong was ineligible for the fraud waiver because she cannot adjust status to lawful permanent residence via her marriage to Skaggs, her qualifying relative for the fraud waiver. *See* 8 U.S.C. §

2

1255(d); *Kalal v. Gonzales*, 402 F.3d 948, 951 (9th Cir. 2005).  But Truong's ability to adjust status is irrelevant to her fraud waiver eligibility.  INA § 237(a)(1)(H) "requires only a current familial relationship; it does not add a requirement that the alien be eligible to obtain a new immigrant visa based on that relationship."  *Virk v. INS*, 295 F.3d 1055, 1058 (9th Cir. 2002).  The BIA erred by "plac[ing] controlling emphasis on [Truong]'s ineligibility for an immigrant visa based on spousal preference," *id.* at 1057, and by "impos[ing] unilaterally novel substantive requirements beyond those set forth in the immigration law itself," *Federiso v. Holder*, 605 F.3d 695, 698 (9th Cir. 2010).

Therefore, Truong is not statutorily ineligible to apply for the fraud waiver because of her entry on a K-1 fiancée visa.  We grant the petition and remand for further proceedings consistent with this disposition.

**PETITION GRANTED AND REMANDED**.