

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAZMIN CAROLINA RIOS-GARCIA, | No. 17-73234 |
| Petitioner, | Agency No. A098-039-868 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2020**

Before: HAWKINS, GRABER, and CLIFTON, Circuit Judges.

Petitioner Jazmin Rios-Garcia seeks review of the Board of Immigration

Appeals' ("BIA") denial of her untimely motion to reopen removal proceedings.

We review for abuse of discretion the denial of a motion to reopen, and we review

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo questions of law. Iturribarria v. INS, 321 F.3d 889, 894 (9th Cir. 2003).

We deny in part and grant in part the petition for review, and we remand.

1. The immigration court had jurisdiction over Petitioner's case.

Petitioner's argument to the contrary is foreclosed by Karingithi v. Whitaker, 913

F.3d 1158 (9th Cir. 2019), cert. denied, 140 S. Ct. 1106 (2020).

2. The BIA abused its discretion by dismissing the contentions in

Petitioner's declaration without analysis because they were not based on "personal

knowledge." See Bhasin v. Gonzales, 423 F.3d 977, 987 (9th Cir. 2005) ("[F]acts

presented in affidavits supporting a motion to reopen must be accepted as true

unless inherently unbelievable."). Petitioner asserted in her declaration that a gang

was targeting her family with threats of violence and that she feared she would be

targeted because of her family ties. Petitioner's assertions were not inherently

unbelievable given the general country conditions. Moreover, Petitioner submitted

as corroboration a news article about the murder of her cousin's daughter and

offered a reasonable explanation for why she could not submit a declaration from

her cousin.

Increased violence targeted at a petitioner's family may constitute a material

change in country conditions. Id. Thus, the BIA should have considered the

argument. See Virk v. INS, 295 F.3d 1055, 1060 (9th Cir. 2002) (stating that the

2

BIA's failure to consider all relevant factors in determining whether to grant a motion to reopen is an abuse of discretion).

Because the change in the level of violence directed at Petitioner's family members <u>could</u> have established prima facie eligibility for relief, the BIA abused its discretion by dismissing the content of Petitioner's declaration and failing to consider Petitioner's argument. We therefore grant the petition and remand to the BIA with instructions to consider whether Petitioner's evidence establishes changed country conditions such that she now has a well-founded fear of future persecution. <u>Malty v. Ashcroft</u>, 381 F.3d 942, 945 (9th Cir. 2004).

3. The BIA did not abuse its discretion in denying Petitioner's motion to reopen due to ineffective assistance of counsel where Petitioner filed her motion eight years after the final order of removal and where she failed to demonstrate the due diligence necessary to warrant equitable tolling of the filing deadline. <u>See</u> <u>Avagyan v. Holder</u>, 646 F.3d 672, 679 (9th Cir. 2011) (requiring a petitioner exercise due diligence to justify equitable tolling). Petitioner knew at the time of her initial hearing that her lawyer had not applied for asylum. Nevertheless, she waited eight years to seek reopening premised on that alleged deficiency. Even if Petitioner had acted diligently, the BIA permissibly concluded, in the alternative, that Petitioner suffered no prejudice from her lawyer's failure to seek asylum

because fear of general violence is not a protected ground. See Azanor v. Ashcroft, 364 F.3d 1013, 1023 (9th Cir. 2004) (noting that a petitioner must demonstrate prejudice to succeed on an ineffective assistance of counsel claim); Singh v. INS, 134 F.3d 962, 967 (9th Cir. 1998) (holding that generalized violence is not sufficient to establish a well-founded fear of persecution for asylum).

4. Our jurisdiction to review BIA decisions denying sua sponte reopening is limited to reviewing the reasoning behind the decisions for legal or constitutional error. Bonilla v. Lynch, 840 F.3d 575, 581–82 (9th Cir. 2016). Petitioner has not established that the BIA's denial of sua sponte reopening involved any "incorrect legal premise." See id. at 588.

**Petition DENIED in part; GRANTED in part; REMANDED.**