NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONALD VEER SINGH,

Petitioner,

v.

MERRICK B. GARLAND, U.S. Attorney General,

Respondent.

No. 21-1348

Agency No. A070-148-397

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2023[**]
San Francisco, California

Before: VANDYKE and SANCHEZ, Circuit Judges, and MURPHY,[***] District Judge.

Ronald Veer Singh ("Singh"), a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying Singh's motion to reopen proceedings in his applications for adjustment of status and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

deferral of removal under the Convention Against Torture ("CAT"). In support of his motion, Singh presented new evidence of family hardship, intellectual deficits, and changed country conditions. The motion was untimely as it was filed two years after the final administrative order. 8 C.F.R. § 1003.2(c)(2) (providing for a 90-day deadline). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      The BIA did not abuse its discretion in concluding that, even if equitable tolling applied, Singh likely would not receive a discretionary waiver of inadmissibility under 8 U.S.C. § 1159(c). *See Matter of C-A-S-D-*, 27 I. & N. Dec. 692, 699 (BIA 2019). The BIA can deny a motion to reopen by determining that "the movant would not be entitled to the discretionary grant of relief." *INS v. Abudu*, 485 U.S. 94, 105 (1988). In doing so, "the BIA must consider and weigh the favorable and unfavorable factors." *Virk v. INS*, 295 F.3d 1055, 1060 (9th Cir. 2002) (citation omitted). "The BIA abuses its discretion when it fails to state its reasons and show proper consideration of *all* factors when weighing equities and denying relief." *Arrozal v. INS*, 159 F.3d 429, 432 (9th Cir. 1998) (internal quotation marks and citation omitted).

The BIA properly considered both positive and negative factors and concluded that the unfavorable factors, particularly Singh's criminal history and conduct, outweighed the favorable ones. The BIA expressly acknowledged the

2

"additional discretionary equities" that Singh provided, such as evidence of "recently incurred hardships relating to family members" and "newly discovered intellectual disabilities which, [Singh] asserts, mitigate the seriousness of his past criminal behavior in the United States."[1] But after considering the factors in their totality, the BIA concluded that "there is little likelihood of [Singh] obtaining discretionary relief in reopened proceedings, because of the serious, violent, and recidivist nature of his criminal conduct in the United States," which is "not outweighed by the positive equities presented." We see no basis to disturb the BIA's determination.

2. The BIA did not abuse its discretion in denying Singh's motion to reopen based on alleged changed country conditions. To reopen a CAT deferral proceeding on these grounds outside the 90-day deadline, Singh must show that the new evidence "is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see Agonafer v. Sessions*, 859 F.3d 1198, 1203–04 (9th Cir. 2017). "'The critical question is . . . whether circumstances have changed sufficiently that a petitioner

---

[1] Although the BIA did not expressly mention Singh's rehabilitative efforts since his release in 2020, Singh does not overcome the presumption that the BIA considered evidence of those efforts, particularly since it expressly discussed other evidence of favorable factors. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

who previously did not have a legitimate claim' now does." *Agonafer*, 859 F.3d at 1204 (quoting *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004)). "The newly submitted evidence must be 'qualitatively different' from the evidence presented at the previous hearing." *Id.* (quoting *Malty*, 381 F.3d at 945).

The BIA found that the newly submitted evidence was not material because the evidence was general in nature and did not demonstrate a "specific likelihood that [Singh] would personally face torture."[2] The agency's decision was supported by the record because general evidence of increased human rights abuse and economic deterioration in Fiji unrelated to his underlying claim involving his parents' persecution in 1988 or his intellectual disabilities does not demonstrate a material change in conditions. *Id.*

3. Because the BIA did not commit any legal or constitutional error, we lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings. *See* 8 C.F.R. § 1003.2(a); *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

**PETITION DENIED.**

---

[2] Contrary to Singh's assertion, the BIA did not improperly hold him to the ultimate standard for CAT relief rather than the prima facie standard. *See Kaur v. Garland*, 2 F.4th 823, 837 (9th Cir. 2021). Because the BIA concluded that the asserted changes were immaterial to Singh's underlying claim for relief, the BIA did not need to reach the separate prima facie analysis. *See id.* at 833.