**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUGENIO TAVARES-DOS SANTOS, | No. 22-1575 |
| Petitioner, | Agency No. A099-038-635 |
| v. | MEMORANDUM[*] |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2026[**]
San Francisco, California

Before: COLLINS, JOHNSTONE, and DE ALBA, Circuit Judges.

Eugenio Tavares-Dos Santos, a native and citizen of Brazil, petitions for review of an order by the Board of Immigration Appeals ("BIA") denying his motion to reopen his proceedings for cancellation of removal. We review for abuse of discretion denials of motions to reopen. *Lemus-Escobar v. Bondi*, 158 F.4th 944,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

952 (9th Cir. 2025). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The BIA denied Tavares-Dos Santos's motion to reopen because the evidence did not make a sufficient showing that removal would result in the requisite hardship to his mother to establish prima facie eligibility for cancellation of removal. *See Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023) (identifying three independent grounds for denying reopening); *see also* 8 U.S.C. § 1229b(b)(1)(D) (hardship requirement for cancellation of removal); *id*. § 1229a(c)(7)(B) (motion to reopen must be supported by affidavits or other evidence); 8 C.F.R. § 1003.2(c)(1) (motion to reopen must include "all supporting documentation"). This conclusion was reasonable based on the evidence of hardship submitted in support of the motion. Thus, Tavares-Dos Santos has not shown that the BIA abused its discretion in denying his motion to reopen.

Because the BIA denied the motion solely on the dispositive hardship element of cancellation and not as a matter of discretion, it was not required to reach the impact of Tavares-Dos Santos's vacated conviction on his claim. *See Najmabadi v. Holder*, 597 F.3d 983, 991–92 (9th Cir. 2010); *see also Virk v. INS*, 295 F.3d 1055, 1060 (9th Cir. 2002) ("[T]he BIA must consider and weigh the favorable and unfavorable factors in determining whether to deny a motion to reopen proceedings on discretionary grounds.").

2.      Tavares-Dos Santos failed to exhaust his claim for voluntary departure because he did not raise it before the BIA. "To exhaust a claim, the noncitizen must put the BIA on notice of the challenge, and the BIA must have an opportunity to pass on the issue." *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (citation modified). The motion to reopen and supplemental filings focused exclusively on cancellation of removal and did not request voluntary departure relief. Because we agree with the government that Tavares-Dos Santos failed to exhaust this claim, we decline to consider it.

**PETITION DENIED.**