# MATTER OF SOSA-HERNANDEZ

## In Deportation Proceedings

### A-34652686

*Decided by Board November 12, 1993*

(1) A waiver of deportability under section 241(f) of the Immigration and Nationality Act, 8 U.S.C. § 1251(f) (1988), waives not only the alien's deportability but also the underlying fraud or misrepresentation and renders the waiver recipient a lawful permanent resident from the time of his initial entry.

(2) The beneficiary of a waiver of deportability under section 241(f) of the Act may use the time accrued since the initial granting of lawful permanent residence to establish eligibility for relief under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1988).

CHARGE:

Order: Act of 1952—Sec. 241(a)(1) [8 U.S.C. § 1251(a)(1)]—Excludable at entry under section 212(a)(20) [8 U.S.C. § 1182(a)(20)]—No valid immigrant visa

Sec. 241(a)(11) [8 U.S.C. § 1251(a)(11)]—Convicted of controlled substance violation

ON BEHALF OF RESPONDENT:
Lisa S. Brodyaga, Esquire
402 East Harrison, Second Floor
Harlingen, Texas 78550

ON BEHALF OF SERVICE:
Kenneth M. Muir
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated July 19, 1989, an immigration judge found the respondent deportable as charged, granted his request for a waiver of deportability under section 241(f) of the Immigration and Nationality Act, 8 U.S.C. § 1251(f) (1988), determined him to be statutorily ineligible for a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1988), and for voluntary departure under section 244(e) of the Act, 8 U.S.C. § 1254(e) (1988), and ordered him deported to Mexico. The respondent has appealed from the denial of his request for a waiver of inadmissibility under section 212(c) of the Act. The appeal will be sustained. The respondent's request for oral argument before the Board is denied. *See* 8 C.F.R. § 3.1(e) (1993).

The respondent, a 48-year-old native and citizen of Mexico, entered

the United States as a lawful permanent resident on May 13, 1974. On August 31, 1987, an Order to Show Cause and Notice of Hearing (Form I-221) was issued, charging the respondent with deportability under section 241(a)(11) of the Act as an alien convicted of a controlled substance violation based upon his January 30, 1987, conviction for possession with intent to distribute approximately 43 kilograms of marijuana. The respondent's conviction record indicates that he was sentenced to 1 year in prison and 3 years of special parole for this offense. The respondent, through counsel, conceded deportability under section 241(a)(11) of the Act, and the immigration judge also found the respondent deportable under section 241(a)(1) of the Act, as an alien who was excludable at the time of entry under section 212(a)(20), as an immigrant not in possession of a valid unexpired immigrant visa. The respondent has not challenged his deportability on appeal, and we find that the respondent's deportability under sections 241(a)(1) and (11) of the Act has been established by clear, unequivocal, and convincing evidence. See Woodby v. INS, 385 U.S. 276 (1966); 8 C.F.R. § 242.14(a) (1993).

The respondent applied for a waiver of deportability under section 241(f) of the Act and a waiver of inadmissibility under section 212(c) of the Act. In his decision of July 19, 1989, the immigration judge determined that the respondent is statutorily eligible for a section 241(f) waiver and merits such relief in the exercise of discretion. The immigration judge noted that the grant of a section 241(f) waiver simply waives the respondent's deportability under section 241(a)(1) as an alien excludable at the time of entry under section 212(a)(20) and that the respondent still remains subject to deportation under section 241(a)(11) of the Act as an alien convicted of a controlled substance violation. The immigration judge determined that the respondent is statutorily ineligible for a section 212(c) waiver because a section 241(f) waiver does not operate nunc pro tunc to make the respondent a lawful permanent resident as of the date of his initial unlawful entry into the United States. The immigration judge noted that it is well settled that an immigrant who is found to be excludable at entry has not been lawfully admitted to the United States but remains in an unlawful status subject to deportation until his immigrant status is legalized. See Fedorenko v. United States, 449 U.S. 490 (1981); Matter of Longstaff, 716 F.2d 1439 (5th Cir. 1983), cert. denied, 467 U.S. 1219 (1984). The immigration judge found that the case which comes closest to answering the question as to the retroactivity of section 241(f) is that of Yik Shuen Eng v. INS, 464 F.2d 1265 (2d Cir. 1972), in which the court held that section 241(f) does not retroactively validate an unlawful entry. The immigration judge concluded that because the respondent is a lawful permanent resident beginning only

as of the date of the grant of section 241(f) relief, the respondent does not have the requisite 7 consecutive years of "lawful" unrelinquished domicile required for section 212(c) relief. However, the immigration judge noted that if he had found the respondent statutorily eligible for section 212(c) relief, he would find that the respondent merits such relief in the exercise of discretion for the same reasons he granted him discretionary relief under section 241(f).

The Service has not appealed the immigration judge's grant of a section 241(f) waiver of deportability to the respondent. Accordingly, the only issue on appeal is whether the immigration judge correctly denied the respondent's application for section 212(c) relief. The respondent asserts on appeal that the immigration judge erred in finding him statutorily ineligible for a section 212(c) waiver. He contends that a waiver of deportability under section 241(f) of the Act waives not only the exclusion ground but also waives the underlying fraud itself, and that the overall effect is to render the waiver recipient a lawful permanent resident from the time of the initial unlawful entry, which in the instant case is May 13, 1974. The respondent states that because he maintained a lawful unrelinquished domicile in the United States for more than 7 years, he is eligible for section 212(c) relief and merits such relief in the exercise of discretion. The Service asserts, inter alia, that the decision of the immigration judge is correct.

Section 212(c) of the Act provides, in pertinent part, that aliens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a "lawful unrelinquished domicile of seven consecutive years," may be admitted in the discretion of the Attorney General without regard to certain specified grounds of exclusion. In light of our decision in *Matter of Silva*, 16 I&N Dec. 26 (BIA 1976), a lawful permanent resident is prima facie eligible for relief from deportation under section 212(c), even though he has not proceeded abroad subsequent to the acts which rendered him deportable. *See Francis v. INS*, 532 F.2d 268 (2d Cir. 1976). The respondent contends that he is eligible for a section 212(c) waiver because the immigration judge's grant of a section 241(f) waiver retroactively validated the lawful permanent resident status accorded him in May 1974 and, thus, he has acquired the 7 consecutive years of lawful unrelinquished domicile required for section 212(c) relief.

We agree with the respondent that a waiver of deportability under section 241(f) of the Act waives not only the exclusion ground but also waives the underlying fraud and renders the waiver recipient a lawful

permanent resident from the time of his initial entry. Section 241(f) of the Act, as applicable to the respondent,[1] provides as follows:

(1)(A) The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure or have procured visas or other documentation, or entry into the United States, by fraud or misrepresentation, whether willful or innocent, may, in the discretion of the Attorney General, be waived for any alien (other than an alien described in subsection (a)(19)) who—

(i) is the spouse, parent, or child of a citizen of the United States or of an alien lawfully admitted to the United States for permanent residence; and

(ii) was in possession of an immigrant visa or equivalent document and was otherwise admissible to the United States at the time of such entry except for those grounds of inadmissibility specified under paragraphs (14), (20), and (21) of section 212(a) which were a direct result of that fraud or misrepresentation.

(B) A waiver of deportation for fraud or misrepresentation granted under subparagraph (A) shall also operate to waive deportation based on the grounds of inadmissibility at entry described under subparagraph (A)(ii) directly resulting from such fraud or misrepresentation.

As pointed out by the respondent, the effect of a section 241(f) waiver is not only to waive deportability but also to waive the underlying fraud or misrepresentation. *See Reid v. INS*, 420 U.S. 619, 630 (1975); *see also Cacho v. INS*, 547 F.2d 1057, 1061 (9th Cir. 1976). In *Matter of Manchisi*, 12 I&N Dec. 132 (BIA 1967), we stated that by holding that a respondent was "otherwise admissible" at the time of his entry and that his fraud in gaining such entry has been excused under section 241(f),

*that entry has been cleared of illegality*, and respondent must *still* be considered to be an alien who has been lawfully admitted for permanent residence. That this was the status intended to be accorded the alien given the benefits of section 241(f) seems to us obvious from the provisions of its counterpart, section 212(i), relating to aliens still abroad, who may be admitted to the United States for permanent residence if they can meet the requirements of the waiver provision.

*Id.* at 137 (emphasis added) (footnote omitted).[2] The Immigration and

---

[1] The provisions of section 241(f) were repealed by section 602(b) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5081 (effective Nov. 29, 1990). Similar provisions were recodified at section 241(a)(1)(H) of the Act, 8 U.S.C. § 1251(a)(1)(H) (Supp. II 1990). The new provisions do not apply, however, to deportation proceedings for which notice was provided to the alien before March 1, 1991.

[2] At the time of the Board's decision in *Matter of Manchisi, supra*, section 241(f) of the Act provided a mandatory waiver for aliens deportable on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured, visas or other documentation or entry into the United States by fraud or misrepresentation if they were otherwise admissible at the time of entry and were the spouse, parent, or child of a United States citizen or a lawful permanent resident. Section 241(f) was amended in 1981 to replace the mandatory waiver with a discretionary waiver in the

Naturalization Service Operations Instructions 318.5 states that an alien who qualifies as a nondeportable alien under the authority of section 241(f) "is thereby cleared of the illegality which attached to the visa and to the entry, and is considered as an alien lawfully admitted for permanent residence."

The immigration judge's reliance on *Yik Shuen Eng v. INS, supra,* for the proposition that section 241(f) does not retroactively validate the alien's original illegal entry is misplaced. In that case, an alien entered the United States under the false claim that he was the son of a United States citizen. Pursuant to the "Chinese Confession Program," an official program designed to encourage Chinese who had entered under fraudulent claims of citizenship to admit their alienage, apply for adjustment of status, and thus avoid deportation, the alien confessed his true parentage and applied for adjustment of status. His application was approved on January 20, 1970, and this became the date of his lawful permanent residence pursuant to the statute. The alien then applied for naturalization in January 1971, claiming that because section 241(f) validated his original unlawful entry, he had acquired the 5 years of lawful permanent residence necessary for naturalization. The court found that section 241(f) is inapplicable, as this section simply acts as a bar in some instances to the deportation of aliens and has nothing to do with naturalization. The court noted that the alien was not in deportation proceedings and that his lawful permanent residence was not threatened. The court did not address the issue of whether a grant of a section 241(f) waiver in a deportation proceeding retroactively validates an alien's initial unlawful entry.

The Service asserts that the respondent is seeking to "bootstrap" eligibility from one waiver to another, which was prohibited in *Matter of Roman,* 19 I&N Dec. 855 (BIA 1988). We disagree. In *Matter of Roman,* an alien sought a section 241(f) waiver to waive her deportability under section 241(a)(1) of the Act as an alien excludable under section 212(a)(20), and she sought nunc pro tunc permission to reapply for admission in order to waive her deportability under section 241(a)(1) as an alien excludable at entry under section 212(a)(17) for having no permission to reapply after deportation. We found that the alien was ineligible for section 241(f) relief because she was not "otherwise admissible to the United States at the time of entry" due to

case of such an alien who possessed an immigrant visa or equivalent document at the time of entry and who was otherwise admissible except for the grounds specified in sections 212(a)(14), (20), and (21) of the Act. *See* Immigration and Nationality Act Amendments of 1981, Pub. L. No. 97-116, § 8, 95 Stat. 1611, 1616 (effective Dec. 29, 1981). These changes do not affect our analysis regarding the retroactivity of a grant of section 241(f) relief.

her inadmissibility under section 212(a)(17) of the Act. Furthermore, we pointed out that nunc pro tunc permission to reapply for admission may be granted retroactively by the Board or an immigration judge only where the only ground of deportability or inadmissibility would thereby be eliminated. Because the alien was excludable at entry under section 212(a)(20) for having no valid immigrant visa and thus remained deportable, her application for retroactive permission to reapply for admission after deportation was denied. We found that the alien was attempting to "bootstrap" eligibility from one waiver to the other because she was not separately eligible for either.

In the instant case, the respondent is separately eligible for a section 241(f) waiver to waive his deportability under section 241(a)(1) of the Act. The respondent is the spouse of a lawful permanent resident and the parent of a United States citizen and he was in possession of an immigrant visa at the time of entry. Unlike the alien in *Matter of Roman, supra,* the respondent was "otherwise admissible to the United States at the time of such entry" except for those grounds of inadmissibility specified under sections 212(a)(14), (20), and (21) of the Act which were a direct result of that fraud or misrepresentation. The respondent's controlled substance offense occurred more than a decade after the respondent's admission to the United States. Furthermore, the Service did not appeal the immigration judge's grant of the respondent's request for a section 241(f) waiver.

We have determined that the immigration judge's grant of a section 241(f) waiver to the respondent retroactively validated the lawful permanent resident status accorded the respondent in May 1974. Accordingly, the respondent has acquired the 7 consecutive years of lawful unrelinquished domicile required for section 212(c) relief and is statutorily eligible for such relief. Section 212(c) does not provide an indiscriminate waiver for all who demonstrate statutory eligibility for such relief, but the Attorney General or her delegate is required to determine as a matter of discretion whether an alien merits the relief sought. *Matter of Marin,* 16 I&N Dec. 581, 582-83 (BIA 1978). In the instant case, the immigration judge noted that he would grant the respondent section 212(c) relief in the exercise of discretion but for his statutory ineligibility. The Service neither appealed from the immigration judge's discretionary grant of section 241(f) relief nor challenged on appeal the immigration judge's statement that the respondent would merit a grant of section 212(c) relief if statutorily eligible. Under the circumstances, we determine that a grant of section 212(c) relief in the exercise of discretion is warranted. Accordingly, the appeal will be sustained, and the deportation proceedings will be terminated.

ORDER: The appeal is sustained, and the deportation proceedings are terminated.

763