WALLACE, Circuit Judge,
dissenting:
I dissent from the majority’s opinion because I have a real doubt that it represents the plain meaning of the statute, 8 U.S.C. § 1182(k). I favor remanding to the Board of Immigration Appeals (Board), so that the agency entrusted with administration of our immigration laws may first address the question of statutory interpretation presented here.
I.
I agree with the result reached in section one of the majority opinion, which holds that the Shins are removable because they were never lawfully admitted to the United States. The Shins obtained their immigrant visas derivatively of their mother, Ok Nyo Lee, who was admitted to lawful permanent residence (LPR) status in 1991. Ms. Lee’s status, however, was void ab initio for noncompliance with the immigration laws, and the Shins’ derivative visas are therefore void as well. See Monet v. INS, 791 F.2d 752, 753 (9th Cir.1986); In re Koloamatangi, 23 I. & N. Dec. 548, 549 (BIA 2003).
II.
I disagree, however, that the Shins are nevertheless eligible to seek the waiver of inadmissibility provided in section 212(k) of the Immigration and Nationality Act (INA). 8 U.S.C. § 1182(k). Section 212(k) vests the Attorney General with *1222 authority to admit certain “otherwise inadmissible aliens who possess immigrant visas,” who did not know of, and could not have “ascertained by the exercise of reasonable diligence” the basis for his or her inadmissibility. Eligibility for discretionary relief under section 212(k) is extended only to those aliens who are (1) inadmissible under 8 U.S.C. §§ 1182(a)(5)(A) & (7)(A)(I); (2) “in possession of an immigrant visa;” and (3) “otherwise admissible.”
The Shins meet the first prerequisite set forth in section 212(k): they were deemed inadmissible under 8 U.S.C. § 1182(a)(7)(A)(I). But the Shins have not demonstrated that they meet the second and third preconditions. The Shins were not actually “in possession of [ ] immigrant visa[s]” because, as we have already determined, their visas were void ab initio. In addition, the Shins do not appear to be “otherwise admissible.” Their visas were derivative of their mother’s fraudulently-obtained LPR status. As her status provides no basis for the validation of their visas, the Shins have no basis for admission. The Shins were not “substantively qualified” for the visas that they received and thus not “otherwise admissible.”
The majority reads the statute as imposing two relevant preconditions to the Shins’ eligibility for a 212(k) waiver: that they be inadmissible under section 1182(a)(7)(A)(I) and that they be “otherwise admissible.” The majority reasons that the Shins’ lack of valid visas is relevant only to the first requirement. The majority reasons, further, that to consider the Shins’ lack of valid visas as to the second requirement would conflate the two requirements and render the term “otherwise” surplusage.
But what is the meaning of the term “otherwise admissible” under the majority’s view? And what of the requirement that aliens seeking section 212(k) waivers be “in possession of an immigrant visa”? The majority’s opinion does not represent the plain meaning of section 212(k). The provision, like many other waiver provisions within the INA, is directed at the difficult task of providing a discretionary avenue for the admissibility of otherwise inadmissible persons. Indeed, use of the phrase “otherwise admissible” in other sections of the statute has given rise to disagreement and confusion. See, e.g., Reid v. INS, 420 U.S. 619, 95 S.Ct. 1164, 43 L.Ed.2d 501 (1975); INS v. Errico, 385 U.S. 214, 218, 87 S.Ct. 473, 17 L.Ed.2d 318 (1966) (“The sharp divergence of opinion among the circuit judges in these cases indicates that the meaning of the words ‘otherwise admissible’ is not obvious”); H.R. Rep. 97-264 at 24-25, reprinted at 1981 U.S.C.C.A.N. 2577, 2593-94 (stating that, in relation to family waiver provision, “the scope of the waiver and the meaning of ‘otherwise admissible’ have become increasingly unclear”).
My doubts are reinforced by looking at the history and intent of the waiver. Section 212(k) was added in 1981 “to authorize the Attorney General to waive certain technical defects in immigrant visas which are not the fault of the alien involved.” H.R. Rep. 97-264, 34, reprinted in 1981 U.S.C.C.A.N. 2577, 2603 (emphasis added); see also C. Gordon, et al., Immigration Law and Procedure § 63.12 (“ § 212(k) is intended to provide relief from technical defects in visas that are not the fault of the noncitizen”). For example, the “waiver may be granted if the foreign consulate placed an improper classification symbol on the immigrant visa cover page, or where a classification has changed due to the noncitizen turning twenty-one years old.” C. Gordon, et al., Immigration Law and Procedure § 63.12 A provision similar to section 212(k) existed in earlier versions of the act, but was inadvertently dropped *1223 when the act was amended in 1965. H.R. Rep. 97-264, 34, reprinted in 1981 U.S.C.C.A.N. 2577, 2603.
The majority reasons that to consider the Shins’ lack of valid visas as to both the first relevant precondition to eligibility for a 212(k) waiver — inadmissibility pursuant to 1182(a)(7)(A)(I) — and the second relevant precondition — that the Shins be “otherwise inadmissible” — results in impermissible “double counting.” Instead, the majority reasons, application of 212(k) waives the relevant basis for inadmissibility, and the Shins are therefore admissible “ ‘other’ than because of the invalid visa.” Cf. Corona-Mendez v. Holder, 593 F.3d 1143 (9th Cir.2010); Matter of Sosa-Hernandez, 20 I & N Dec. 758 (1993). The facts of the present case are quite distinct, to my mind, from the circumstances of Corona-Mendez and Sosa-Hemandez, which concerned the 237(a)(1)(H) waiver.
The Shins’ visas were derivative of their mother’s fraudulently-obtained LPR status, and thus void ab initio. It would appear that the Shins were never in possession of valid visas and also were not “otherwise admissible” because, without status derivative of their mother’s status, there was no basis for their admission to the United States. The Shins are not “otherwise” inadmissible because of a defect in them visas, but the total non-existence of the precondition to their issuance in the first place. The 212(k) waiver might eliminate the defect in the Shins’ visas, but that waiver alone does not provide a basis for their admission, which was predicated on their mother’s fraudulently-obtained status.
III.
I doubt that the Shins’ situation represents the type of inadmissibility that section 212(k) was intended to remedy, and do not agree that the majority opinion represents the plain language of the statute. Indeed, the majority’s opinion is inconsistent with that of the Board in this case. I agree with the majority that we have not yet been presented with an opinion from the Board that is entitled to Chevron deference. Chevron U.S.A. v. Natural Res. Def. Council, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). The Board’s decision in the Shins’ case is an unpublished one-member decision that does not represent binding agency precedent. See Ramos-Lopez v. Holder, 563 F.3d 855, 858-59 (9th Cir.2009); Marmolejo-Campos v. Holder, 558 F.3d 903, 909 (9th Cir.2009).
The Board’s opinion is nevertheless entitled to Skidmore deference. Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944). Under this standard, “The weight [accorded to an administrative] judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.” United States v. Mead Corp., 533 U.S. 218, 228, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001), citing Skidmore, 323 U.S. at 140, 65 S.Ct. 161; see also Morales-Garcia v. Holder, 567 F.3d 1058, 1061 (9th Cir.2009) (“Where, however, the [Board] resolves an appeal in an unpublished decision, as in this case, we defer to its interpretations of the INA not resolved by prior precedential decisions only to the extent of its thoroughness and overall persuasiveness”); Miranda Alvarado v. Gonzales, 449 F.3d 915, 922 (9th Cir.2006) (collecting cases).
The Board determined that the Shins were not eligible for a 212(k) waiver because “the respondents stand as aliens who have never been in possession of a valid immigrant visa.” The Board also determined that the Shins were not “otherwise *1224 admissible” because their mother received her status as the spouse of a skilled worker, but “the factual basis for the grant of the visa to the respondents’ mother never existed.” Thus, with their mother’s status void, the Shins were never “otherwise admissible.” The majority may prefer a different interpretation, but that is not the Skidmore test. The Board’s interpretation, in my view, is persuasive and consistent with the language of the statute. That is all that is required.
IV.
Obviously, the three judges of this panel lack consensus on the meaning of section 2120c). The statute is not, as the majority says, clear. I question why it is necessary to interpret the statute in a vacuum, without guidance from the Board, as the majority does. In light of our duty to defer to an agency’s reasonable interpretation of a statute that it administers, Chevron, 467 U.S. 837, 104 S.Ct. 2778, and the “ordinary remand requirement,” INS v. Orlando Ventura, 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), I would remand to the Board to give the Board an opportunity to rule, in a precedential opinion, on the issue of statutory interpretation presented here.
The importance of deference to an implementing agency is part of our law. In Chevron, the Court emphasized: “We have long recognized that considerable weight should be accorded to an executive department’s construction of a statutory scheme it is entrusted to administer, and the principle of deference to administrative interpretations.” 467 U.S. at 844, 104 S.Ct. 2778 (footnote omitted); see also INS v. Aguirre-Aguirre, 526 U.S. 415, 424-25, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999) (Board interpretation of INA is entitled to deference); Auer v. Robbins, 519 U.S. 452, 456-58, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997). When we proceed to the interpretation of a statute in'the absence of agency guidance, we create the potential for conflict between ourselves and the agency, and between ourselves and other circuits. Inversion of this sequence is not without consequences. See, e.g. Nat’l Cable & Telecomm. Ass’n v. Brand X Internet Servs., 545 U.S. 967, 125 S.Ct. 2688, 162 L.Ed.2d 820 (2005); id. at 1015-20, 125 S.Ct. 2688 (Scalia, J., dissenting); Mead, 533 U.S. at 239-61, 121 S.Ct. 2164 (Scalia, J., dissenting).
Remand is an appropriate option. In Orlando Ventura, the Court advised that, “[generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.” 537 U.S. at 16, 123 S.Ct. 353 (per curiam); see also Gonzales v. Thomas, 547 U.S. 183, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (per curiam). Since Orlando Ventura, we have endeavored to distinguish “between circumstances in which remand is necessary ... and circumstances in which remand is unnecessary because the BIA exercised its expertise before the case came before us.” Kawashima v. Holder, 593 F.3d 979, 987 (9th Cir.2010); see also Fernandez-Ruiz v. Gonzales, 466 F.3d 1121, 1132-34 (9th Cir. 2006) (en banc) (declining to remand where the legal issue was the interpretation of a state criminal statute, which was not an area committed to the agency’s expertise); Perez-Enriquez v. Gonzales, 463 F.3d 1007, 1014-15 (9th Cir.2006) (en banc).
In some cases we have remanded to the Board for its guidance on a question of statutory interpretation arising under the INA. For example, in Velazquez-Henera v. Gonzales, we remanded a petition to the Board “so that it may issue a precedential decision defining what constitutes a crime of child abuse [as used in the INA] and apply that definition to petitioner’s convic *1225 tion.” 466 F.8d 781, 782 (9th Cir.2006). We concluded that it would be “prudent to allow the BIA in the first instance to settle upon a definition of child abuse in a precedential opinion.” Id. at 783. Similarly, in Chen v. Mukasey, we remanded a petition to the Board for interpretation of INA section 1158(d)(6), respecting frivolous applications for asylum, in the first instance “in light of a recent decision in the Second Circuit.” 527 F.3d 935, 936 (9th Cir.2008); see also Kawashima, 593 F.3d at 988 (remanding to the Board to consider types of evidence that may be considered pursuant to Nijhawan v. Holder, — U.S.-, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009)).
Both the rule of Chevron deference and the ordinary remand rule sound in the same rationale: deference to the agency charged with the administration of a statute in the first instance. The agency possesses expertise in the subject matter and has been entrusted with administration of the relevant statutory scheme. See Nat’l Cable, 545 U.S. at 980, 125 S.Ct. 2688. In light of the Board’s view in this case, and my own reading of the statute, I do not believe that the majority’s opinion represents the plain meaning of the statute. Although the Board’s decision in this case is not precedential, it is persuasive. To resolve this obvious different definition of the meaning of the statute, I believe that the most prudent course is to remand the issue to the Board for a published opinion.
I therefore dissent.