# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2290
_____

Myrna Lilia Herrera Gonzalez,

*Petitioner*,

v.

Jeffrey A. Rosen, Acting Attorney General of United States,[*]

*Respondent.*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 24, 2020
Filed: January 4, 2021

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Myrna Lilia Herrera Gonzalez, a citizen of Mexico, petitions for review of a
decision by the Board of Immigration Appeals.  The Board concluded that she was

---

[*]Acting Attorney General Rosen is substituted for his predecessor under
Federal Rule of Appellate Procedure 43(c).

removable and rejected her arguments for a waiver of removability and for cancellation of removal. We deny the petition.

The parties refer to the petitioner as "Herrera," and we will follow that convention. Herrera entered the United States in 1993, and became a lawful permanent resident in 2002 by falsely representing that she was the wife of a citizen. Her husband had fraudulently assumed the identity of a lawful permanent resident and used that identity to become a naturalized citizen. Herrera later used her lawful permanent resident status to apply for naturalization, and she became a citizen in 2008. Herrera has four children who are citizens of the United States.

In 2011, Herrera was convicted of second degree theft in Iowa. The government then discovered Herrera's false statement about her marriage and secured an indictment for naturalization fraud. *See* 18 U.S.C. § 1425(a). After Herrera pleaded guilty to that offense in March 2017, the district court revoked her citizenship and restored her to the status of lawful permanent resident. *See* 8 U.S.C. § 1451(e).

In December 2017, the Department of Homeland Security commenced removal proceedings against Herrera. The Department charged her with removability for procuring, by fraud or misrepresentation, her adjustment of status to lawful permanent resident. If an alien commits fraud or misrepresents a material fact to gain a benefit under the immigration laws, then she is inadmissible and may be deported. 8 U.S.C. § 1182(a)(6)(C)(i); *see id.* § 1227(a)(1)(A).

The dispute in this case involves an exception to that general rule. As applicable here, if the alien who committed immigration fraud is the parent of a citizen, and if that alien was otherwise admissible at the time of her admission except for grounds that resulted from the fraud, then the Attorney General may waive the provisions calling for her removal. 8 U.S.C. § 1227(a)(1)(H)(i). This so-called "fraud waiver" also waives "removal based on the grounds of inadmissibility directly

resulting from such fraud or misrepresentation." *Id.* § 1227(a)(1)(H). The parties agree that relief for Herrera under the waiver provision would eliminate both one ground of removability and "the underlying fraud," so we accept that assumption for the purpose of analysis. *See Matter of Sosa-Hernandez*, 20 I. & N. Dec. 758, 760-61 (BIA 1993). As such, a waiver would excuse Herrera's fraud in applying for adjustment of status and make her a lawful permanent resident as of 2002. *See id.*

When the Department charged Herrera with removability based on fraud, she responded by applying for a fraud waiver, and separately for cancellation of removal as a permanent resident. *See* 8 U.S.C. § 1229b(a). The immigration judge sustained the fraud charge. In November 2018, however, the Department added a charge of removability for convictions of two crimes involving moral turpitude based on Herrera's convictions for immigration fraud and theft. *See id.* § 1227(a)(2)(A)(ii). Then, on the day of the hearing before an immigration judge, the Department withdrew the charge of removability for immigration fraud, leaving only the charge for crimes involving moral turpitude. *See* 8 C.F.R. §§ 1003.30, 1240.10(e).

The immigration judge sustained the charge that Herrera was removable for committing crimes involving moral turpitude. The judge determined that she was ineligible for a fraud waiver because she was no longer charged as removable under the fraud provision. The judge also concluded that Herrera was ineligible for the cancellation of removal for which she had applied because only certain lawful permanent residents may seek that relief. 8 U.S.C. § 1229b(a)(1). Because Herrera obtained her adjustment of status by fraud, the judge ruled, she was not a lawful permanent resident and thus ineligible for cancellation. The immigration judge ordered Herrera removed to Mexico, and the Board of Immigration Appeals affirmed.

Herrera argues that the Board erred in concluding that she was ineligible for both the fraud waiver and cancellation of removal. She contends that the Department could not withdraw the fraud charge because it had been sustained by the immigration

judge. With a fraud charge lodged against her, Herrera says, she would have been eligible for the fraud waiver. That waiver, if obtained, would in turn have allowed her to regain her status as a lawful permanent resident and to seek discretionary cancellation of removal.

There is no dispute that Herrera was removable under the statutes about deportable aliens. The Attorney General may remove an alien "who at the time of entry or adjustment of status was . . . inadmissible." 8 U.S.C. § 1227(a)(1)(A). An alien who "by fraud or willfully misrepresenting a material fact, seeks to procure . . . admission into the United States or other benefit provided under" the immigration laws is inadmissible. *Id.* § 1182(a)(6)(C)(i). The Attorney General also may remove an alien "who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct." *Id.* § 1227(a)(2)(A)(ii).

The rules of procedure that govern removal proceedings in the immigration court allow the government to adjust the charges against an alien during the case. "At any time during deportation or removal proceedings, additional or substituted charges of deportability . . . may be lodged" by the Department. 8 C.F.R. § 1003.30; *see also id.* § 1240.10(e). The Department may exercise this discretion "[a]t any time" during the proceeding, *id.* § 1003.30, whether or not the immigration judge has sustained a particular charge. It was thus permissible for the Department to add the charge of removability for crimes involving moral turpitude, and to substitute charges by withdrawing the initial allegation based on immigration fraud. That the Department apparently withdrew the fraud charge for tactical reasons—*i.e.*, to preclude Herrera from seeking a waiver—does not prohibit that exercise of discretion. By committing two crimes involving moral turpitude, Herrera gave the Department alternative means by which to seek her removal. The Department was not required to pursue the avenue that was most advantageous to the alien.

-4-

Because the Department ultimately proceeded against Herrera based only on the substituted charge of crimes involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(ii), the Board correctly concluded that Herrera was ineligible for a fraud waiver. That waiver is available only to aliens who are charged as removable under § 1227(a)(1). *See Matter of Tima*, 26 I. & N. Dec. 839, 843-45 (BIA 2016); *see also Tima v. Att'y Gen.*, 903 F.3d 272, 275-76 (3d Cir. 2018) (collecting cases). Herrera's fraud in procuring adjustment of status means that she is not a lawful permanent resident, *see In re Koloamatangi*, 23 I. & N. Dec. 548, 550 (BIA 2003), so she is ineligible for the discretionary cancellation of removal that she sought under § 1229b(a). Accordingly, the Board did not err in dismissing Herrera's appeal of the removal order.

Finally, Herrera contends the Department's "sudden withdrawal" of the fraud charge violated her due process rights. She complains that she did not have notice of the "new case" against her and was unable to seek the fraud waiver. Herrera had notice, however, of the charge that she was removable based on crimes involving moral turpitude, so there was no due process problem with proceeding against her on that charge. That the Department's withdrawal of the fraud charge made Herrera ineligible to seek discretionary cancellation of removal does not implicate the Due Process Clause. Even if there were some theory under which the government could be required to pursue an additional charge of removability, an alien "has no protected liberty interest in discretionary relief from removal." *Patel v. Sessions*, 868 F.3d 719, 723 n.4 (8th Cir. 2017).

For the foregoing reasons, the petition for review is denied. Herrera's motion to correct her petition is granted.

_____