# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2023

Lyle W. Cayce
Clerk

No. 22-60111

Leaphiny Reese; Thou Samphear,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A089 360 354
Agency No. A089 581 178

Before Higginbotham, Smith, and Engelhardt, *Circuit Judges*.
Patrick E. Higginbotham, *Circuit Judge*:

A federal jury convicted Leaphiny Reese and Thou Samphear ("Petitioners") of visa fraud, and the government charged them with removability based on that conviction. Petitioners contend that the Board of Immigration Appeals ("BIA") erred in holding that the visa fraud waiver could not overcome the grounds for their removal. Petitioners also raise a due process claim and issues the BIA did not address. We find that the visa fraud waiver does not reach Petitioners' grounds for removal, we lack jurisdiction

No. 22-60111

over the claims the BIA did not reach, and we determine that Petitioners failed to show a violation of their due process rights.

The petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.

## I.

Reese and Samphear are Cambodian citizens who traveled to the United States on visitor visas,[1] entered into fraudulent marriages with U.S. citizens, and resided together as common law spouses in the United States. A federal jury convicted them of several crimes arising from the fraudulent marriages, including fraud and misuse of a visa, permits, and other documents in violation of 18 U.S.C. § 1546(a).[2] The pair received notices to appear and conceded removability under 8 U.S.C. § 1227(a)(1)(D)(i) for termination of conditional permanent residence and 8 U.S.C. § 1227(a)(3)(B)(iii) for violation of § 1546. Petitioners filed applications under 8 U.S.C. § 1186a(c)(4) for hardship waivers to overcome removability for termination of their conditional permanent residence. They also filed applications under 8 U.S.C. § 1227(a)(1)(H) to waive removability for their visa fraud convictions.

The Immigration Judge ("IJ") addressed only the fraud waiver, reasoning that ineligibility for that waiver obviated the need to consider the hardship waiver because Petitioners would remain deportable for fraud regardless. The IJ first reasoned that a § 1227(a)(1)(H) fraud waiver requires, in

---

[1] Petitioners most recently entered the United States as conditional residents, status granted based on their marriages to U.S. citizens.

[2] Petitioners were also convicted of conspiracy to commit marriage fraud and benefit fraud under 18 U.S.C. § 371 and 8 U.S.C. §§ 1325(c), 1546(a), as well as aiding and abetting marriage fraud under 18 U.S.C. § 2 and 8 U.S.C. § 1325(c).

No. 22-60111

part, that the applicant be "otherwise admissible to the United States."[3] Because Petitioners were convicted of marriage fraud, a crime involving moral turpitude, the IJ found that they would not be otherwise admissible.[4] The IJ further reasoned that even if Petitioners did qualify for the fraud waiver, it could not waive their charge under § 1227(a)(3)(B)(iii), which rests on a criminal conviction. The IJ then granted the government's motion to pretermit Petitioners' applications.

The BIA determined that an application under § 1227(a)(1)(H) cannot waive Petitioners' removability under § 1227(a)(3)(B)(iii), as the subparagraph waives only grounds for deportability listed in § 1227(a)(1). The Board found "no good purpose" to adjudicate Petitioners' hardship waivers given their deportability based on fraud convictions and dismissed the appeal.

Reese and Samphear now petition this court for review, arguing (1) that an application under § 1227(a)(1)(H) can waive removability under § 1227(a)(3)(B)(iii); (2) that they are eligible for hardship waivers under § 1186a(c)(4); (3) that the IJ erred in finding that Petitioners would be ineligible for a fraud waiver under § 1227(a)(1)(H); (4) that the IJ erred in finding that Petitioners could not "stack" waivers; and (5) due process violations. This court has jurisdiction to review the BIA's order under 8 U.S.C. § 1252.

## II.

Petitioners first argue that the IJ erred in concluding that § 1227(a)(1)(H) cannot waive a removability charge under § 1227(a)(3)(B)(iii). This court reviews the BIA's legal conclusions de novo,[5]

---

[3] 8 U.S.C. § 1227(a)(1)(H)(i)(II).

[4] *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I).

[5] *Rodriguez-Avalos v. Holder*, 788 F.3d 444, 448 (5th Cir. 2015).

No. 22-60111

but the Board's interpretations of statutes it administers receive *Chevron* deference when published as binding precedent.[6] In addition, "any portion of a non-precedential decision that relies on prior precedential BIA decisions will be afforded *Chevron* deference as appropriate."[7] The BIA's non-precedential opinion in this case relied on a precedential opinion,[8] so this court analyzes the agency's legal conclusions under *Chevron*'s two-step framework.[9] We determine that the BIA's statutory interpretation reflects Congress's unambiguous intent and find no need to proceed past *Chevron* step one.[10]

Section 1227 describes several categories of deportable aliens, split into six separate paragraphs. Those paragraphs separate those who (1) are inadmissible at time of entry or adjustment of status or who violate their status; (2) commit certain criminal offenses; (3) fail to register or falsify documents; (4) are removable on security-related grounds; (5) "become a public charge"; and (6) vote unlawfully. The first of these categories includes aliens who commit marriage fraud, but the relevant provision does not require conviction.[11] This category also incorporates classes of inadmissible aliens found in 8 U.S.C. § 1182, which bars some people who commit fraud.[12] The third

---

[6] *Dhuka v. Holder*, 716 F.3d 149, 156 (5th Cir. 2013); *see also* 8 C.F.R. § 1003.1(g) (governing publication of BIA opinions).

[7] *Siwe v. Holder*, 742 F.3d 603, 607 (5th Cir. 2014).

[8] *See Matter of Tima*, 26 I. & N. Dec. 839, 843–45 (BIA 2016).

[9] *Garcia-Carias v. Holder*, 697 F.3d 257, 262–63 (5th Cir. 2012).

[10] *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984) ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.").

[11] 8 U.S.C. § 1227(a)(1)(G).

[12] *See, e.g., id.* § 1182(a)(6)(C)(i) (misrepresentation).

No. 22-60111

category includes aliens who are *convicted* of visa fraud under 18 U.S.C. § 1546, like Petitioners in this case.[13]

Petitioners seize upon a subparagraph within the first category providing that when an individual meets certain criteria,

> The provisions of this paragraph relating to the removal of aliens within the United States on the ground that they were inadmissible at the time of admission as aliens described in section 1182(a)(6)(C)(i) of this title [use of fraud or misrepresentation to procure a visa or other documentation], whether willful or innocent, may, in the discretion of the Attorney General, be waived . . . .[14]

After explaining some additional requirements for the waiver, the subparagraph states:

> A waiver of removal for fraud or misrepresentation granted under this subparagraph shall also operate to waive removal based on the grounds of inadmissibility directly resulting from such fraud or misrepresentation.[15]

As the Ninth Circuit summarized, the waiver effectively "transform[s] an individual who enters the United States with an invalid immigrant visa to the status of one who entered as a nonpreference immigrant, despite the fact that a valid immigrant visa would never have been available to the individual at the time of entry."[16] The Supreme Court has commented that

---

[13] *Id.* § 1227(a)(3)(B)(iii).

[14] *Id.* § 1227(a)(1)(H).

[15] *Id.*

[16] *Vasquez v. Holder*, 602 F.3d 1003, 1011 (9th Cir. 2010) (citation omitted).

No. 22-60111

Congress enacted previous versions of the fraud waiver as a humanitarian measure, finding it "more important to unite families and preserve family ties than . . . to enforce strictly the quota limitations or even the many restrictive sections that are designed to keep undesirable or harmful aliens out of the country."[17] Petitioners argue that this waiver subparagraph can reach outside the first category of grounds for removability and waive their charge within the third category. Although Petitioners' construction may align with Congress's humanitarian intent, the statute's plain text and five other circuits' well-reasoned holdings weigh against their position.[18]

First, the waiver applies, by its plain text, only to aliens inadmissible due to use of fraud or misrepresentation to procure a visa or other documentation under § 1182(a)(6)(C)(i). That provision does not refer to convictions. The waiver also applies to "[t]he provisions of this paragraph," limiting it explicitly to the first paragraph of § 1227.[19] "Congress ordinarily adheres to a hierarchical scheme" in its construction of statutes, and the relevant

---

[17] *I.N.S. v. Errico*, 385 U.S. 214, 220 (1966).

[18] *See Tima v. Att'y Gen.*, 903 F.3d 272, 275–78 (3d Cir. 2018); *Fayzullina v. Holder*, 777 F.3d 807, 815 (6th Cir. 2015); *Gourche v. Holder*, 663 F.3d 882, 886–87 (7th Cir. 2011); *Herrera Gonzalez v. Rosen*, 984 F.3d 638, 640–41 (8th Cir. 2021); *Taggar v. Holder*, 736 F.3d 886, 890–91 (9th Cir. 2013).

[19] *See Gourche*, 663 F.3d at 886–87.

No. 22-60111

provisions here are no exception.[20] Where Congress includes waivers within other paragraphs, they generally apply to those subsections or paragraphs alone.[21] The text here contains no indication that it applies to the entire section or to any other paragraph within the section. As such, the waiver provision applies to specific instances of fraud within the first category only, not fraud at large.

In addition, even if the waiver reached outside of its paragraph, it would not apply to Petitioners' charge under § 1227(a)(3)(B)(iii). Petitioners argue that because the grounds for their removal relate to fraud, their charge could be waived. Yet the statute "operates [only] to waive removal based on the grounds of inadmissibility directly resulting from such fraud or misrepresentation."[22] Petitioners' grounds for removability result from their convictions, not from their fraud, and the statute anticipates this distinction by providing separate charges for fraud and fraud convictions.

---

[20] *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 60 (2004). Congress generally follows this structure:

§ Section

(a) Subsection

(1) Paragraph

(A) Subparagraph

(i) Clause

(I) Subclause

[21] *See, e.g.*, 8 U.S.C. § 1186a(c)(4) (providing for hardship waivers for "for an alien who fails to meet the requirements of paragraph (1)"); *Id.* § 1182(a)(9)(B)(v) (providing for hardship waivers for aliens unlawfully present); *Id.* § 1182(a)(3)(D)(iv) (providing waivers for certain relatives of members of totalitarian parties).

[22] *Id.* § 1227(a)(1)(H).

No. 22-60111

Petitioners also argue that the Supreme Court's reasoning in *Judulang v. Holder* supports their argument that the BIA's policy is arbitrary and capricious because the agency "hing[es] a deportable alien's eligibility for discretionary relief on the chance correspondence between statutory categories . . . ."[23] *Judulang* concerned the BIA's interpretation of statutes to square the availability of waivers between aliens seeking to enter the United States and those already in the country.[24] The Supreme Court criticized the government's comparable-grounds approach as disconnected from individuals' "fitness to reside in this country" because it afforded aliens within the country access to relief only if those outside the country had similar access under federal law.[25] The BIA's treatment of Petitioners in this case is dissimilar and far from arbitrary—the government charged them with removability for fraud convictions under a provision intended to make aliens removable for committing specifically that crime. The government simply applied the law as Congress wrote it.

We hold that § 1227(a)(1)(H) does not function to waive a charge under § 1227(a)(3)(B)(iii).

## III.

Petitioners also challenge the process afforded to them in their immigration proceedings, alleging that the IJ and BIA violated their due process rights by finding them ineligible for waivers and pretermitting relief. Aliens are entitled to due process of law in removal proceedings.[26] Petitioners must

---

[23] 565 U.S. 42, 53 (2011).

[24] *Id.* at 45–52.

[25] *Id.* at 53.

[26] *Animashaun v. I.N.S.*, 990 F.2d 234, 238 (5th Cir. 1993) (citing *Reno v. Flores*, 507 U.S. 292, 305 (1993)).

No. 22-60111

show substantial prejudice resulting from any error, meaning that they must make a prima facie showing that they would be entitled to relief in the absence of any error.[27] Due process claims that relate to matters other than purely procedural errors do not require exhaustion before the agency.[28]

Petitioners' due process claim largely restates grounds for relief raised in other portions of their petition and takes issue with the agency's legal conclusion, not the process by which the agency arrived at its decision. The IJ held, as a matter of law, that Petitioners would inevitably be removed following their concession of removability under § 1227(a)(3)(B)(iii). As a result, the IJ and the BIA found no need to consider Petitioners' other arguments. Petitioners submitted significant evidence to the agency and were afforded multiple oral hearings to present their case, where the IJ reviewed their evidence. Petitioners were also afforded the opportunity to argue their theory of the law.

Finally, Petitioners argue that it is unfair to find them ineligible for the fraud waiver merely because the government charged them with removability under § 1227(a)(3)(B)(iii) rather than § 1182(a)(6)(C)(i). Even assuming this is a cognizable due process argument,[29] the government does not act unfairly by charging Petitioners with removal under a provision designed for convicted individuals rather than a provision relating to unprosecuted fraud. Petitioners do not otherwise allege a procedural error and make no

---

[27] *Miranda-Lores v. I.N.S.*, 17 F.3d 84, 85 (5th Cir. 1994).

[28] *See Anwar v. I.N.S.*, 116 F.3d 140, 144 n.4 (5th Cir. 1997).

[29] This court has noted in the context of criminal prosecution that "when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants." *United States v. Batchelder*, 442 U.S. 114, 124 (1979).

No. 22-60111

substantive due process argument, so Petitioners have not shown a violation of their due process rights.

## IV.

Petitioners make three additional arguments: (1) they are eligible for hardship waivers under § 1186a(c)(4); (2) the IJ erred in finding that Petitioners would be ineligible for a § 1227(a)(1)(H) waiver; and (3) the IJ erred in finding that Petitioners could not "stack" waivers.

This court has jurisdiction to review only final orders of removal,[30] and the BIA's opinion represents the final order.[31] This court has "authority to review only the decision of the BIA, not the IJ, unless the IJ's decision influenced the BIA's decision."[32] Petitioners concede that the BIA did not reach any of these additional issues but ask this court to remand to the agency so that the BIA may address them. Because the BIA's opinion did not consider these remaining issues, this court lacks jurisdiction to review them. And this court will not remand if doing so would be "futile"[33] and there is "no realistic possibility" that the BIA would have reached a different conclusion.[34] Because Petitioners are removable based on their charges under § 1227(a)(3)(B)(iii), there is no realistic possibility the BIA would reach a different conclusion on their removability, and there is no reason to remand.

---

[30] *See* 8 U.S.C. § 1252(d).

[31] *See Castillo-Rodriguez v. I.N.S.*, 929 F.2d 181, 183 (5th Cir. 1991).

[32] *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018) (citing *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002)).

[33] *Lopez-Perez v. Garland*, 35 F.4th 953, 956 (5th Cir. 2022).

[34] *Luna-Garcia v. Barr*, 932 F.3d 285, 291 (5th Cir. 2019).

10

No. 22-60111

\*\*\*\*

The petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.