# United States Court of Appeals
# for the Fifth Circuit

————————————

No. 23-60200
Summary Calendar

————————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 21, 2023

Lyle W. Cayce
Clerk

Glenda Gissela Betancourth-Cadalzo; Cristhian Alejandro Campos-Betancourth; Kimberly Noelia Campos-Betancourth,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A209 291 243,
A209 291 244,
A209 291 245

————————————————————

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Glenda Gissela Betancourth-Cadalzo, a native and citizen of Honduras, applied for asylum, withholding of removal, and protection under

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the Convention Against Torture (CAT).  An Immigration Judge (IJ) denied her application and ordered her removed.  The Board of Immigration Appeals (BIA) dismissed her appeal.  Betancourth petitions our court for review of, *inter alia*, the denial of the three bases for her application. (Betancourth's minor children are the other petitioners and derivatives on her application for relief.)

The BIA's determinations that Betancourth was ineligible for asylum, withholding, and CAT relief are factual findings our court reviews for substantial evidence.  *E.g.*, *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (outlining standard of review).  Under that standard, reversal is improper unless the court decides "not only that the evidence supports a contrary conclusion, but that the evidence *compels* it."  *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994) (emphasis in original).

Regarding Betancourth's asylum and withholding-of-removal challenges, she asserts membership in the particular social group of "Female Honduran Business Owners".  She contends the BIA erred by not recognizing the group as "socially distinct" and therefore not legally cognizable.  *E.g.*, *Jaco v. Garland*, 24 F.4th 395, 403 (5th Cir. 2021) ("[A]n applicant must show that the [particular social] group is . . . (3) socially distinct within the society in question.").  As proof the group is "socially distinct", Betancourth points to evidence that Honduran gangs and criminals focus on business owners.  That evidence, however, is insufficient to compel a conclusion contrary to the BIA's.  *E.g.*, *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786–87 (5th Cir. 2016) (holding proposed social group must be recognized as "discrete class of persons" in relevant society (citation omitted)).

The BIA also denied Betancourth's CAT claim because she had not previously been tortured, presented only speculative fear of future harm, and,

therefore, did not establish she will likely be tortured with official acquiescence upon repatriation. *E.g.*, *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017) ("Pursuant to [CAT] . . . the United States may not remove an alien to a country in which the alien is more likely than not to be tortured."). In her petition, Betancourth presents evidence that Honduran officials are corrupt. This evidence, however, is not enough to compel the conclusion that she likely faces torture if she returns to Honduras or that such torture will involve state action. *See id.* (denying CAT claim supported by news stories and reports describing El Salvador as particularly dangerous for unnamed women and children).

In addition, Betancourth requests remand because of an allegedly defective notice to appear. Our court "will not remand if doing so would be 'futile' and there is 'no realistic possibility' that the BIA would have reached a different conclusion". *Reese v. Garland*, 66 F.4th 530, 536 (5th Cir. 2023) (footnote and citation omitted) (refusing remand). Here, remand would be futile because Betancourth waived her challenge by failing to object before the closing of pleadings before the IJ. *Matter of Fernandes*, 28 I. & N. Dec. 605, 608–11 (BIA 2022) ("[I]f a respondent does not raise an objection to a defect in the notice to appear in a timely manner, such an objection is waived or forfeited. . . . [The notice is] timely if it is raised prior to the closing of pleadings before the Immigration Judge.").

DENIED.