# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2025

Lyle W. Cayce
Clerk

———————

No. 22-60482

———————

Rafael Martinez Rodriguez,

*Petitioner*,

*versus*

James R. McHenry III, *Acting U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 462 886

———————————————————

Before Higginbotham, Willett, and Ho, *Circuit Judges*.

Per Curiam:[*]

Petitioner Rafael Martinez Rodriguez's removal proceedings were administratively closed in 2016. Five years later, after his case was reinstated, he was ordered removed by the Board of Immigration Appeals (BIA). He filed an untimely motion to reopen, arguing that his prior grant of administrative closure warranted reopening. The BIA denied the motion.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60482

He then filed a motion to reconsider, which was also denied.  We agree with the BIA and deny Martinez Rodriguez's three petitions for review.

## I.

Martinez Rodriguez, a Mexican citizen, entered the United States with his common-law wife in 2012 and was promptly placed in removal proceedings.  He conceded removability and filed applications for asylum, withholding of removal, and Convention Against Torture (CAT) protection.  An immigration judge found Martinez Rodriguez's testimony not credible and denied his application.  He appealed to the BIA.

In 2015, while his appeal was pending, Martinez Rodriguez moved to administratively close his proceedings.  He argued that his then-twelve-year-old daughter, a United States citizen, could petition for his visa at age twenty-one and that his wife's removal case was administratively closed by another judge.  Over opposition, the BIA granted the motion.

In 2018, the Attorney General issued *Matter of Castro-Tum*, which concluded that "immigration judges and the [BIA] lack the general authority to administratively close cases."  27 I&N Dec. 271, 293 (Att'y Gen. 2018).  In 2020, the government moved to reinstate Martinez Rodriguez's appeal.  The BIA granted the unopposed motion in 2021.  Later in 2021, the Attorney General "overrule[d]" *Castro-Tum* in *Matter of Cruz-Valdez*.  28 I&N Dec. 326, 326 (Atty Gen. 2021).

The BIA dismissed Martinez Rodriguez's appeal in August 2022, prompting his first petition for review in this court.  In December 2022, Martinez Rodriguez untimely moved the BIA to reopen his case for reinstatement of administrative closure pursuant to *Matter of Cruz-Valdez*.  The BIA denied this motion, prompting his second petition for review.  Martinez Rodriguez then moved the BIA to reconsider its decision on the

motion to reopen. The BIA also denied this motion, prompting his third petition for review.

## II.

On appeal, Martinez Rodriquez's arguments concern the BIA's denial of his motion to reopen and motion to reconsider. He does not brief the BIA's denial of his asylum, withholding, and CAT claims from his first petition for review. These arguments are forfeited. *See Alejos-Perez v. Garland*, 93 F.4th 800, 807 (5th Cir. 2024).

### A.

We review the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard." *Ramos Portillo v. Barr*, 919 F.3d 955, 958 (5th Cir. 2019). Thus, we will affirm the BIA's decision if it is not "capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Id.* (quotation omitted). Motions for reopening of immigration proceedings are "disfavored." *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000).

To begin, Martinez Rodriguez concedes that his motion to reopen is untimely. *See* 8 U.S.C. § 1229a(c)(7). So he must rely on equitable tolling principles. *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016) ("[T]he deadline for filing a motion to reopen under § 1229a(c)(7) is subject to equitable tolling.").

Martinez Rodriguez argues that the BIA did not mention equitable tolling when it denied his motion to reopen. This is incorrect. The BIA's order states: Martinez Rodriguez "has not shown that an exception to the time limitations for motions to reopen applies to his case. In addition, even if we were to apply equitable tolling to [Martinez Rodriguez's] motion, he

has not shown that reopening is warranted." The order then analyzes why Martinez Rodriguez failed to make the necessary "prima facie showing that [he] would be entitled to relief in the absence of any error," which is required for his equitable tolling arguments for alleged ineffective assistance of counsel. *Reese v. Garland*, 66 F.4th 530, 535 (5th Cir. 2023). We agree and find that the deadline is not tolled.

Equitable tolling "only applies in 'rare and exceptional circumstances.'" *Eneugwu v. Garland*, 54 F.4th 315, 319 (5th Cir. 2022) (quoting *United States v. English*, 400 F.3d 273, 275 (5th Cir. 2005)). A movant must establish two elements: the diligent and reasonable pursuit of his rights and that some "extraordinary circumstance," beyond his control, "prevented timely filing." *Lugo-Resendez*, 831 F.3d at 344. A valid claim of ineffective assistance of counsel can be an extraordinary circumstance. *See Diaz v. Sessions*, 894 F.3d 222, 227 (5th Cir. 2018).

To prevail on an ineffective assistance of counsel claim, Martinez Rodriguez "must show both (1) that his counsel was constitutionally deficient and (2) that he is prejudiced thereby, i.e., that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Diaz*, 894 F.3d at 228 (quotation omitted).

Martinez Rodriguez argues that his counsel acted ineffectively when he failed to object to the reinstatement of his case after *Matter of Castro-Tum* and when he failed to have administrative closure restored after *Matter of Cruz-Valdez*. We review issues of administrative closure for abuse of discretion. *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 208 (5th Cir. 2017). We agree with the BIA that Martinez Rodriguez did not make a prima facie showing that he would be entitled to administrative closure absent any error of counsel.

No. 22-60482

"[T]he BIA may use [administrative closure] to remove a case temporarily from its docket." *Hernandez-Castillo*, 875 F.3d at 207. It is a "procedural tool created for the convenience of the [BIA]" that permits the BIA to weigh all relevant factors presented in the case, including but not limited to:

> (1) the reason administrative closure is sought; (2) the basis for any opposition to administrative closure; (3) the likelihood the respondent will succeed on any petition, application, or other action he or she is pursuing outside of removal proceedings; (4) the anticipated duration of the closure; (5) the responsibility of either party, if any, in contributing to any current or anticipated delay; and (6) the ultimate outcome of removal proceedings (for example, termination of the proceedings or entry of a removal order) when the case is recalendared before the Immigration Judge or the appeal is reinstated before the Board.

*Matter of Avetisyan*, 25 I&N Dec. 688, 690, 696 (BIA 2012). *See also Matter of W-Y-U-*, 27 I&N Dec. 17, 20 (BIA 2017) ("[T]he primary consideration is . . . whether the party opposing administrative closure has provided a persuasive reason for the case to proceed."). Administrative closure is not appropriate where "the request is based on a purely speculative event or action." *Avetisyan*, 25 I&N Dec. at 696.

The BIA found that Martinez Rodriguez's argument for administrative closure based on the possibility that his daughter would file a family-based visa when she was twenty-one was "merely speculative and for too protracted and indefinite a period of time." We see no abuse of discretion.

Martinez Rodriguez's arguments fail to prove he was prejudiced by his counsel. He argues that the BIA's decision is a retroactive application of

5

*Castro-Tum* and that it ignored his prior administrative closure in 2016. But administrative closure is discretionary. It is based on a judge's view of the "totality of the circumstances" and determined by the relative weight given to an unlimited set of factors. *Avetisyan*, 25 I&N Dec. at 696. *See also Hernandez-Castillo*, 875 F.3d 199, 209 (5th Cir. 2017) (rejecting an argument that "gives too little weight to the BIA's discretionary authority"). At any point, it cannot be guaranteed.

All told, the BIA did not abuse its discretion in finding that Martinez Rodriguez cannot make a prima facie showing that he would have been entitled to administrative closure absent his former counsel's failure to oppose reinstatement or request it after *Matter of Cruz-Valdez*. So his ineffective assistance of counsel arguments fail. Necessarily, his claim to equitable tolling fails as well, making his motion untimely. *See Diaz*, 894 F.3d at 228 ("And without a claim of IAC, [the movant] offers nothing to support equitable tolling. Therefore, the BIA did not err in denying the motion to reopen as untimely.").

## B.

A motion for reconsideration is also reviewed "under a highly deferential abuse-of-discretion standard." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 226 (5th Cir. 2019). To succeed, petitioners "must identify a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." *Id.* (quotation omitted). "A motion for reconsideration is . . . confined to the substance of the BIA's original decision. It is not the proper avenue for raising new issues or arguments." *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009) (citing *In re O-S-G*, 24 I&N Dec. 56, 58 (BIA 2006)). The arguments raised must "flow from new law or a de novo legal determination reached by the board in its decision that may not have been addressed by the parties." *In re O-S-G*, 24 I&N Dec. at 58. But it "is not a

No. 22-60482

process by which a party may submit, in essence, the same brief presented on appeal." *Id.*

The BIA acted within its discretion to deny the motion to reconsider. It accurately concluded that Martinez Rodriguez repeats arguments that the BIA "already considered and rejected." It additionally declined to apply res judicata and collateral estoppel principles and denied Martinez Rodriguez's equal protection claim. These arguments are new—they do not identify a legal change, misapplication of the law, or overlooked aspect of the case. Rather, these arguments could have been raised to support his motion to reopen. Therefore, the BIA did not err by denying the motion.

\*\*\*

We deny Martinez Rodriguez's three petitions for review.